HUETTEL COAL AND COKE CO. V. LAWRENCE'S ADMR.

September 9, 1915.

1.. MASTER AND SERVANT—*Negligence—Contributory Negligence.*—
The evidence in the case at bar shows that the plaintiff's intestate was guilty of contributory negligence *per se,* which was the immediate and efficient cause of his death, and hence there can be no recovery. In other respects the questions involved are settled by *Va. Iron, Coal & Coke Co.* v. *Asbury's Admr., ante,* p. 683.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bullitt & Chalkley,* for the plaintiff in error.

*Wm. H. Werth* and *Bond & Bruce,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the administrator of the estate of Milton A. Lawrence, deceased, against the Huettel Coal and Coke Company to recover damages for injuries alleged to have been sustained by the plaintiff's intestate as a result of the negligence of the defendant company. There was a demurrer to the evidence which was overruled by the circuit court and judgment given in favor of the

plaintiff for $6,500, the damage ascertained by the verdict of the jury. To this judgment the present writ of error was awarded.

This case is controlled in all respects by the case decided at the present term of *Virginia Iron, Coal & Coke Co.* v. *Asbury's Admr., ante,* p. 683; 86 S. E. 148. The essential facts are practically the same in both cases, and the questions presented in the *Asbury Case* are repeated here. It is therefore only necessary to refer to the opinion in that case for our view of the present case.

The deceased in this case was a man of large experience as a miner, though he had only been working a few days in the defendant's mine. The evidence shows that the roof of the place where he was working was in an obviously dangerous condition. He had ordered timbers to make it safe, which had not been received. Not only could an ordinarily prudent man have seen for himself the peril of remaining in the place where he was working, but the deceased was, within an hour of the accident, repeatedly warned of the danger that confronted him, and told that unless he came out he would be killed. These warnings were, however, disregarded with the anticipated result that a mass of slate fell from the roof, ending his life. This was contributory negligence *per se* on the part of the plaintiff's intestate, and was the immediate and efficient cause of his death.

Under such circumstances, both at common law and under the statute (Acts 1912, p. 419), the plaintiff is denied a recovery. *Va. Iron Coal & Coke Co.* v. *Asbury's Admr., supra.*

The judgment complained of must be reversed, and this court, taking such action as the circuit court should have taken, will sustain the demurrer to the evidence and give judgment in favor of the defendant company.

*Reversed.*